TEXAS BREWING COMPANY v. R. C. DICKEY.

Decided March 4, 1899.

**1.   Charge of Court Allowing Double Recovery.**

A charge in an action for personal injuries, that if plaintiff's injuries are permanent that fact can be taken into consideration by the jury as well as the time it took or would take to recover, and further, that if the jury find the plaintiff necessarily lost any time from his business by reason of his injuries, they might allow him reasonable compensation for the time lost, is objectionable because susceptible of an interpretation permitting double damages for loss of time.

**2.   Practice on Appeal—Remittitur—Damages.**

Where the charge in an action for personal injuries permitted the jury to allow for time lost, both the time it took plaintiff to recover and the time he lost from business, the error could be cured by remitting the entire amount which, as a separate item, the verdict allowed for time lost.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*W. R. Sawyer,* for appellant.

*W. R. Parker, O. W. Gillespie,* and *M. E. Smith,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee sued appellant for $10,000 for personal injuries alleged to have been inflicted on June 5, 1896, on Fourteenth Street, in the city of Fort Worth, one of its principal streets, between Main and Houston Streets, by a team consisting of two large horses attached to a wagon owned by appellant. He alleged that one of appellant's servants, while using said team, went away from it, negligently leaving it standing in Houston Street without being tied or secured in any manner, said team being wild and unruly, and unused to the ordinary noises in a city, and in the habit of running away, all of which was known to appellant. That if said team was fastened at all, it was not sufficiently fastened to prevent it from running away. That while so standing the team became frightened, ran away up Houston Street and out Fourteenth, striking with great violence appellee in his buggy, in which he was sitting, destroying the buggy and seriously injuring ap-

pellee, by which he became sick and diseased, and will always suffer great pain and mental anguish. That appellee was a dentist, having a practice of $2000 a year, and on account of said injury will be unable to pursue his calling. That he paid for nursing $100, doctor's bills $100, and medicine $25, and that his capacity for earning money has been greatly lessened. That the ordinances of the city of Fort Worth, to wit, Ordinance 669, article 206, title 7, chapter 1, of the Revised Criminal Ordinances of the City of Fort Worth, make it unlawful for any person or persons to leave standing upon any public street or alley of said city any horse or horses, mule or mules, harnessed to any wagon, carriage, buggy, or other vehicle, unless said horse or horses, mule or mules, shall be well and securely fastened to a post firmly set in the ground or sidewalk, or to a ring and staple securely and firmly placed in the sidewalk for that purpose, or to a cast iron weight with a ring attached weighing not less than thirty pounds; and article 208 of the same ordinance provides a penalty for the violation of said above named ordinance of a fine in any sum not less than $5 nor more than $25 for each and every offense. The trial amendment of plaintiff alleged that the damage to his buggy was $50, and that the damage to his horse was $50.

Appellant to said petition by its first amended answer (1) generally excepted, (2) generally denied, and (3) specially pleaded that appellee (plaintiff) should not recover because he was guilty of contributory negligence in blocking said Fourteenth Street by driving and stopping carelessly prior to the accident in said street with a wagon on each side of him; and that the appellee (plaintiff) was guilty of contributory negligence, in that his attention was called to the approach of the team for a sufficient length of time prior to the alleged injury for him to have got out of the way of the team, and that he made no effort to get out of the way. Appellant further by second supplemental answer specially excepted to appellee's second amended original petition wherein it alleges that if said horses were secured at all they were not sufficiently fastened or secured to prevent them from breaking loose or prevent them from running away, because same was not sufficient, in that it is indefinite and uncertain, and is not sufficiently specific, and pleads a conclusion.

This is the second time this case has been before us. See 43 S. W. Rep., 577. The material facts are substantially the same now as before, and will not be here recited, except as may be hereinafter done to illustrate our ruling.

In the seventh assignment of error the following section of the court's charge is questioned, viz: "If you find for the plaintiff, it will be your duty to assess his damages at such sum as you believe will be a fair and reasonable compensation to him for such physical injuries, if any, and such physical and mental suffering, if any, as the plaintiff received or sustained by reason of being run upon or against by the team or wagon of defendant; and if you believe from the evidence that the plaintiff received injuries of a permanent character, you can, in determining what amount of damages you will assess, take that fact into consideration, as

well as the time it took to recover, if he has recovered, or may probably take to recover therefrom, if you find he has not already recovered. And if you find that plaintiff necessarily lost any time from his business by reason of his injuries, if any, then you may also find such further sum as you believe will be a fair and reasonable compensation to plaintiff for the time so lost or that may hereafter be lost, if any, stating the same separately from the other damages, if any, allowed."

The verdict of the jury was as follows: "We the jury find for the plaintiff, and assess his damages at the sum of $5000, divided as follows:

"Physical, mental, and permanent injuries ...............$4,000 00
"Time lost ........................................   975 00
"Damage to buggy...................................    25 00
                                                    _____
                                                    "$5,000 00"

The negligence alleged was that of the driver in leaving a team of horses unfastened or insecurely fastened that were alleged to be wild and unruly and unaccustomed to the noises and the diverting scenes of a city like Fort Worth. The evidence on this point was conflicting, but is such as, under well settled rules, to support the finding of the jury and the judgment of the court below in appellee's favor.

The evidence in behalf of appellee also tended to show great and long continued physical pain and physical injuries of a permanent character; that appellee's physical injuries were such as to necessitate much loss of time, during which he had been unable to pursue his profession as a dentist, and that he would in the future be unable to pursue his profession, except in a greatly lessened degree. The evidence was not very specific, but appellee testified that he had made and collected as much $125 in one week at his profession, so that the element of lost time was one of considerable importance. So viewing it, we have been unable to approve the charge quoted in the seventh assignment.

In the first complete sentence thereof the jury are directed, if they find for plaintiff, to assess his damages at such sum as they should believe to be a fair and reasonable compensation to him for such physical injuries and such physical and mental suffering as plaintiff may have sustained; thus in general terms submitting every element of damage to which plaintiff could have been entitled save that of lost time and of injury to his buggy. The jury were then told that if they found plaintiff's injuries were permanent, that fact could be taken into consideration, *as well as the time it took or would take to recover*. The court may have meant that, in assessing damages for mental and physical pain, they might consider the duration thereof as evidenced by the time it had taken or would take appellee to recover from his injuries, but the charge was not so limited, and we are unable to say that this was the meaning, or that, if so, the jury so interpreted it.

Thus far, apparently, the jury were told to allow damages in such amount as they believed would be a fair and reasonable compensation

for mental and physical pain and all other physical injuries, and that in determining the amount they could consider the fact that the injuries were permanent, if they were so, and the time it took or would take to recover. We can not say that the jury, in considering the question of time in this connection, did not estimate the value thereof. If its value was not to be estimated, then in what sense in this connection was "time lost" to be considered? Who can with certainty say what effect was given this element by the jury in this connection? If the jury in fact estimated its value, and considered such value together with the fact of permanent injuries in assessing "fair and reasonable compensation," as they were told they might do, then it seems reasonable to suppose that such value of lost time entered into and formed part of the item of $4000 for mental, physical, and permanent injuries.

Following, however, the clauses of the charge above referred to, the jury were further instructed that, if they found that plaintiff necessarily lost any time from his business by reason of his injuries, then they might also find such *further* sum as the jury might find was reasonable compensation for the time lost, thus apparently, at least, presenting the opportunity for a double assessment of damage on account of time lost. That plaintiff below did lose time is not controverted in the proof. He testified that "for six months" he could not lie on his back at all, or turn from one side to the other unless he was raised up. "I should say I could earn 10 or 15 per cent at my profession of what I could have earned before the injury, under the present circumstances and the past; couldn't possibly put in more than that time; that is, in the last year. The first year I did not undertake it at all." On account of "time lost" the jury found $975. In view of all which we think the charge complained of was erroneous, or at least "was calculated to confuse and mislead the jury, and to increase the recovery beyond the amount to which the plaintiff was entitled." Railway v. Brock, 31 S. W. Rep., 500; Railway v. Porfert, 72 Texas, 344.

In view of the fact that the jury by their verdict found separately for "time lost," and that in this same connection they were limited to time lost, and could not consider time that might be lost in the future, we have concluded that the error indicated will not require a reversal, in the event appellee should within ten days file with the clerk of this court a remittitur in due form and effect to the said item of $975. Should this be done, we consider all opportunity of injury to appellant eliminated, and the judgment below, as thus reformed, will then be affirmed; otherwise the case must be reversed.

There are twenty-two other assignments of error. We have carefully considered each of them, but find no error thereby duly raised of which appellant can complain. For instance, the charge refused as complained of in the first assignment is clearly a charge upon the weight of the testimony. The fifth and sixth assignments are practically disposed of in the disposition of the seventh assignment. The tenth, eleventh, and twelfth

assignments complain of interrogatories alleged to be leading, and as suggesting the answer desired. If error in this, it was in appellant's favor, and no injury appears. The sixteenth to the twentieth assignments, inclusive, complain of the exclusion of certain evidence that would appear ordinarily to be admissible, but the objection made to this evidence or the ground upon which it was excluded is not made to appear in the bill of exceptions. Without, however, discussing the other assignments of error seriatim, they are each and all overruled.

But for the error indicated, it is ordered that this cause be reversed and remanded unless appellee within ten days after the filing hereof shall file with the clerk of this court a remittitur as indicated of the said sum of $975, in which event and for the remainder of the damages found in appellee's favor the judgment below will be affirmed; appellee in either event to pay the costs of this court.

*Affirmed upon remittitur entered.*

Writ of error refused.