### CARROLL v. EMBRY. (No. 8478.)

(Court of Civil Appeals of Texas. Dallas..
March 12, 1921.)

Infants ⊜⇒81—Married woman cannot sue for minor son as next friend, where husband who is minor's stepfather refuses to join.

A married woman has no legal capacity to sue as next friend on behalf of her minor son, where her husband, who is the minor's stepfather, refuses to sue or join in the suit.

Error from District Court, Ellis County; F. L. Hawkins, Judge.

Action by Mrs. Etta Carroll, as next friend of Bethel Welborn, against Will Embry for false imprisonment and for conversion. A plea to abate was sustained, suit dismissed, and plaintiff brings error. Affirmed.

Tom P. Whipple, of Waxahachie, for plaintiff in error.

Farrar & Kemble, of Waxahachie, for defendant in error.

TALBOT, J.   The appellant, Mrs. Etta Carroll, brought this suit as next friend for Bethel Welborn, her minor son, to recover of the defendant in error damages for the alleged false imprisonment of said minor and conversion of one automobile belonging to him. The facts alleged and shown by the statement of facts, so far as is necessary to relate in this opinion, are that Mrs. Carroll was a married woman living with her husband, Jess Carroll; that she was the mother of Bethel Welborn, a minor son by a former marriage; that on account of the conversion of his automobile and the wrongful and malicious action of the defendant in error in causing Bethel Welborn to be arrested and confined in jail, he had sustained actual damages in the sum of $450 and exemplary damages in the sum of $10,000; that Mrs. Carroll's present husband, Jess Carroll, refused to sue in behalf of her said minor son or join her in a suit to recover the damages claimed; that said minor has no property and no legally appointed guardian of his person or estate and cannot get any one to accept such guardianship, or sue and maintain for him as next friend this suit or any suit to recover his alleged damages. The trial court sustained a plea to abate and dismiss the suit on the ground that Mrs. Carroll, being a married woman living with her husband, had no legal capacity to maintain this suit as next friend for her minor son, without being joined by her husband, and the sole question to be decided on this appeal is whether or not the action of the court was correct.

This precise question, so far as we are aware, has not heretofore been presented and determined by any appellate court in this state. The right of the wife to sue, and her liability to be sued, is doubtless recognized, yet the "policy of our law has been to limit that right and liability to certain well-defined cases, and not to recognize her as entirely free from disability in this respect." The following are some of the instances in which the right of the wife to appear in court in her individual capacity is recognized: If she have a separate and individual right and the same be a cause of action against another, she may assert it in her individual capacity by showing that her husband failed or refuses to bring action or join therein. "She may sue for the recovery of the property, for the collection of her debts, to restrain the sale of her property as her husband's, file a petition in bankruptcy, and whether her husband be willing or not." Speer on Marital Rights, § 432. So that when a cause of action has arisen in favor of the wife, and the husband fails or neglects it, she may sue. So, too, where the husband has abandoned the wife and then ceased to act as the head of the family, she is authorized to take such steps as are necessary for the protection of her property, whether it be by suit or otherwise; and this is true whether the suit be concerning her separate property or the community, for under such circumstances she is not only a joint owner of the community property but entitled to its possession and control. Speer on Marital Rights, § 438. Likewise, a married woman, as the natural mother of the infant, is competent to assert her right to the guardianship of her child, without being joined by her husband, since the law provides that "the mother," under certain circumstances, "shall be entitled to the guardianship of her minor children, and shall have the custody of their persons, education, and estates." Where, however, the mother is required to give bond as guardian, she ought, it seems, to be joined by her husband in the bond, if she be again under coverture. Cook v. Bybee, 24 Tex. 278. But we have been cited to no case, and we have found none, in which it has been held that a married woman, where the husband, as in the case at bar, positively refuses to bring the suit himself or to join in the action, may maintain a suit of this character as next friend for her minor child. There is nothing in the record to show that the appellant's minor son in whose behalf this suit was brought is not being actually supported and maintained by his stepfather, Jess Carroll, and so long as such support and maintenance is given by the stepfather, he stands in loco parentis of his wife's minor children and has the right of reasonable chastisement to enforce his authority, and Mr. Speer, in his work on Marital Rights, concludes:

"That where the stepchild is taken into the home and the stepparent assumes the relation of parent toward it, he is, so long as the rela-

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion continues, under the moral and legal obligation to support the child as his own, and is in consequence entitled to the services and earnings of the child; that the respective rights of stepparent and stepchild are, in short, analogous to those of parent and child, which relation the parties have by their conduct attempted to assume." Speer on Marital Rights, § 88.

From this it follows, it occurs to us, that in such cases it is unquestionably the duty of the stepfather to take such steps as may become necessary to protect the rights and interest of the stepchild, by suit or otherwise, as perhaps his best judgment dictates, independently of the wishes and judgment of the mother. The record reveals no disposition on the part of the stepfather to unjustly or wrongfully deprive his stepson of any right growing out of the matters alleged in the appellant's petition or that he arbitrarily, corruptly, or unjustly and in disregard of the interest of the minor, refused to bring this suit or join his wife therein. In this state of the record it should be presumed, we think, that he was actuated in refusing to sue himself as next friend for the minor, or to join in his wife's suit in that capacity, by proper motives, and what he conceived to be for the best interest of his stepson. But, aside from these considerations, we feel constrained, notwithstanding our inclination to the contrary, to hold that the common-law inhibition of suits by a married woman have not been so changed or modified in this state by decisions or otherwise as to authorize, under the facts shown, the appellant, without being joined by her husband, to maintain this suit in the capacity in which she sues; that the statute of this state which permits a minor, without a legal guardian, to sue by next friend, was only intended to authorize such an action by a person not under any disability to sue; and that as a consequence the judgment must be affirmed. It is therefore accordingly so ordered.

Affirmed.