## BRECKENRIDGE ICE & COLD STORAGE CO. v. HUTCHENS. (No. 7124.)*

(Court of Civil Appeals of Texas. San Antonio. March 19, 1924. Rehearing Denied. April 16, 1924.)

1. **Parties** &⇒76(1)—**Objection to capacity of married woman to sue as next friend of minor child must be raised by verified special pleading.**

That a married woman has no capacity to sue as next friend on behalf of her minor child can only be raised by special pleading sworn to, and a failure to do so, and filing an answer to the merits, waives the objection.

2. **Infants** &⇒87—**Judgment for minor not suing by next friend voidable merely.**

It is not an absolute prerequisite that a minor should sue by his next friend, but is a mere matter of procedure, and a judgment in his favor would only be voidable and not void.

3. **Appeal and error** &⇒999(1)—**Judgment based on findings of jury in fact case will not be disturbed in absence of error of law.**

Where the jury passes on the facts in a fact case, and there is no error of law committed by the court in the trial of the case, the judgment will not be disturbed on appeal.

4. **Trial** &⇒215—**Court may inform jury as to elements to be considered as given in fixing amount of recovery.**

In submitting a special issue as to the amount which plaintiff may recover, it is proper for the court to inform the jury as to the different elements they may take into consideration as a guide for them in fixing the amount.

5. **Damages** &⇒216(3)—**Form of instruction as to amount of damages held not error.**

In an employee's action for personal injuries, an instruction as to the different elements the jury might consider in fixing the amount of recovery, as a preliminary to a special issue as to the amount of money paid in cash which would reasonably compensate plaintiff for the damages he had sustained, if any, on account of his injuries, *held* not erroneous as permitting double recovery and the special issue to embrace a single issue, and not erroneous because the different items of damages, were not submitted separately.

6. **Master and servant** &⇒401—**Employer must plead he is subscriber under the Compensation Act.**

Where an employer subject to Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) failed affirmatively to plead and prove that he was a subscriber thereunder in view of Rev. St. art. 5246, he could not plead or rely on contributory negligence, assumed risk, or negligence of fellow servants.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by J. B. Hutchens against the Breckenridge Ice & Cold Storage Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hawkins, Hawkins & David, of Breckenridge, for appellant.

Merritt & Leddy, of Dallas, W. A. Shields, of Houston, and E. L. Routh, of Breckenridge, for appellee.

COBBS, J. Appellee sued appellant, an ice and cold storage company, a corporation, for damages for personal injuries alleged to have been received by him in the course of his employment in operating machinery at appellant's plant in the city of Breckenridge.

Appellee alleges that while in the discharge of his duty he was injured in attempting to move a timber supporting one or two chain hoists, which timber was itself supported by two parallel horizontal joists, under and near the roof of the building in which plaintiff was working. The hoists, which were attached to the timber resting across the joists, were used for lifting the machinery to be moved, and during the process of moving the machinery appellee was required, and it was his duty, to go to one of the joists about 10 feet above the ground, upon which one end of the timber supporting the hoists rested, the other end of the timber resting upon the other joist, and assist in moving the timber on the joist from one side of an upright piece, supporting said joist, to the other.

At the time appellee was injured he was standing upon a joist leaning against the upright piece. The joists were two pieces of 2x6, supported, and separated, by the upright pieces suspended from the roof, and appellee's task was to skid or edge the end of the timber on one of the planks supporting the joists around the upright piece, thus giving the end of the timber a play of about 2 inches, at any point of which its weight would have been on such joists. That while in the performance of his duty said timber fell off the joist, and in attempting to catch or hold the same, while so standing on said joist, to prevent it from falling to the floor and to prevent it from injuring a fellow workman, he received an injury that caused him to have a rupture or hernia in the right side, which disabled him permanently from performing any character of manual labor. There was a safe way of handling said timber, which would have prevented the injury, by a small expense, as set out in the pleading. The negligence alleged to have caused the injury to appellee was in three particulars: (a) In that appellant failed to have more than one man assist him in moving said timber on said joists; (b) in that appellant failed to provide a pulley for the support of the timber; and (c) in that appellee's fellow servant moved said timber so far towards him (said fellow servant) as that said timber was allowed to fall off of said joist.

At the time of his injury the appellee was able and capable of performing all character of hard manual labor, and was earning and capable of earning from $3 to $4 per day. By reason of such injury he has been incapacitated from performing hard manual labor and will be incapacitated, and his ability to earn money has been diminished and almost totally destroyed.

It is alleged by an amended pleading that a judgment had been rendered in the district court removing appellee's disabilities of minority, and if said judgment was valid he had the right to prosecute the suit in his own name, but if not he had the right to prosecute the suit in the name of his mother, and in either capacity is entitled to a judgment. It is further alleged that at the time of the injury appellant was the employer of labor, and had in its employment more than three employees, and was, under the law, amenable to the Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), under which law contributory negligence of the plaintiff, assumed risk, or negligence of fellow servants constitute no defense to the cause of action.

Appellant filed exceptions and responsive pleadings. The case was tried by a jury under special issues, given by the court, and upon the answers thereto the trial court rendered a judgment in favor of appellee for $4,000.

[1] The first contention made, complaining of error, was raised upon the ruling of the court upon exception urged as to the capacity in which the suit was brought. It was properly overruled. It is true a married woman has no capacity to sue as the next friend on behalf of her minor child (Carroll v. Embry [Tex. Civ. App.] 229 S. W. 575), but that question can only be raised by special pleading sworn to; and a failure to do so, and filing an answer to the merits, as was done here, waives the objection.

[2] There was no exception preserved to any ruling of the court relating to the pleadings. The objection must be overruled for another reason. It is not an absolute prerequisite that the minor should sue by his next friend. It is a mere matter of procedure, and a judgment in his favor in such a case would be only voidable, not void. But here the minor joins in this suit alleging that his disability had been removed, and of course he had all the rights of an adult. Gross et al. v. Griffin et al. (Tex. Civ. App.) 221 S. W. 764.

This disposes of propositions and assignments from 1 to 16, inclusive.

Appellant's seventeenth proposition is that the rope, tied to one end of the beam appellee was trying to hold when injured, and thrown over the joist, and wrapped with a half hitch around the exhaust of an old ice machine, and held at its other end by another employee of appellant, was, as a matter of law, sufficient to have prevented the injury. And the eighteenth proposition is that appellant had provided sufficient means and safeguards for the protection of all the employees, was not guilty of negligence, and was not affected by the fact that appellee disregarded or did not rely upon such means and safeguards. The nineteenth and twentieth propositions are to the same effect; and so are the twenty-sixth, thirtieth, and thirty-fourth.

[3] This is a fact case. There are no new or difficult questions of law raised, and where the jury passes on the facts in such cases, and there is no error of law committed by the court in the trial of the case, the judgment ordinarily will stand. The foregoing propositions are touching on the question of the negligence vel non of the parties. G. H. & S. A. Ry. Co. v. Easton (Tex. Civ. App.) 257 S. W. 924; Dickson v. Kilgore Bank (Tex. Com. App.) 257 S. W. 867. See also, the case of Smith v. Greer (Mo. App.) 257 S. W. 829. The injuries sustained by the plaintiff in that case were inflicted while he was moving a joist.

Appellee was directed by the foreman to move the timber and told not to let it drop. He had hold of one end and another employee had the other, and they were attempting to move it with chain hoists on it

from one side to another, and in doing so the other man jerked the timber a little too hard, jerking it over the joist, and let the heavy weight fall on appellee. When that was done, appellee's end was off the joist and he had hold of it, which nearly knocked appellee off the joist he was standing on. This blow caused a pain immediately in his right side, which ran to his kidney and caused him to become sick, and the effect of· which caused rupture and hernia. The timber could have been so guarded, if properly prepared with rope and pulley, as that there would ·have been no danger in its operation. It was a 6x10 or 12 timber, weighing about 150 pounds.

The appellee was sent to the place to do the work, and was told "not to drop" the timber. He obeyed the instruction, for, as he says, had he let it drop it would have injured other employees. He says if it had been properly constructed the accident would not have occurred and he would not have been injured.

The special issue the court gave, and about which appellant lodges his greatest complaint, and presents most propositions, is:

"In arriving at the damages to be awarded the plaintiff, if any, you will allow him such sum, if any, as will reasonably and fairly compensate him for the damages he has sustained on account of his injuries, if any, and in arriving at such sum, if any, you will take into consideration the physical pain and mental anguish, if any, which he suffered from the date of his injuries, if any, up to the time of his trial, and if you find from the evidence that his injuries, if any, are of a permanent nature and that he will reasonably and probably suffer physical pain and mental anguish as a result of said injuries, if any, in the future, you will also take into consideration such future pain and suffering, if any, and if you find from the evidence that as a result of his injuries, if any, his ability to labor and earn money after the time that he arrives at the age of 21 years will be diminished, you will take into consideration such diminution of his power to labor and earn money after he arrives at the age of 21 years, if any.

"Now, bearing in mind the foregoing instruction, you will answer the following special issue:

"Question No. 9. What amount of money, if paid now, in cash, will reasonably and fairly compensate the plaintiff for the damages, if any, that he has sustained on account of his injuries, if any?" To which the jury answered, $4,000.

[4, 5] In submitting a special issue as to the amount which a plaintiff may recover, it is proper for the court to inform the jury as to the different elements they may take into consideration as a guide for them in fixing the amount. This charge did not permit a double recovery, but called their attention to those elements they could consider when they made their finding in a lump sum

as to "what amount of money, if paid now, in cash, will reasonably and fairly compensate the plaintiff for the damages, if any, that he has sustained on account of his injuries, if any." Texas Brewing Co. v. Dickey, 20 Tex. Civ. App. 609, 49 S. W. 937.

Appellant contends that the court should have submitted separately each item going to make up the entire damages enumerating the elements to be passed upon and ascertained separately, in separate charges, perhaps, and not enumerated so as to be passed upon as a whole. While to submit as the appellant contends might not have been error, yet it would do no more than incumber the record, and be a useless waste of time. The jury must pass upon those elements submitted in the charge complained of, whether submitted and answered separately or not, and the same finding must be made as a basis to calculate the aggregate amount. In the form it was submitted it embraced but the one single issue, and that was, how much plaintiff was damaged upon the whole. Southern Traction Co. v. Owens (Tex. Civ. App.) 198 S. W. 155; Schaff v. Lynn (Tex. Civ. App.) 238 S. W. 1035; Texas Brewing Co. v. Dickey, 20 Tex. Civ. App. 606, 49 S. W. 935.

[6] It was alleged at the time of the injury appellant had in its employ more than three employees, which made it amenable to the terms of the Workmen's Compensation Law, which the proof established, therefore, for the appellant to avail itself of the advantages of insurance under that law was a matter of defense to be affirmatively pleaded, and not having pleaded that it was a subscriber under the Workmen's Compensation Act, is not entitled to plead or rely upon contributory negligence, or assumed risk, on the part of appellee, or negligence of fellow servants.

The uncontroverted evidence sustained the allegations that appellant was entitled to the insurance. Had it been a subscriber to the Workmen's Compensation Law, and if appellant had desired the benefit of that law as a defense, then as to whether or not it was a subscriber was peculiarly within its own knowledge, and it devolved on it not only to allege such fact but prove it. Article 5246, R. S.; Pullman Co. v. Ransaw (Tex. Com. App.) 254 S. W. 763.

We do not think there is any merit in the objections presented to the court's charge or refusal to give others.

In the court's charge submitting the measure of damages, there was but one real issue submitted. There was no recovery permitted to the parent. It was limited to the boy for physical pain and mental anguish which he had and would in the future suffer; and that he could only recover for diminished earning capacity in· the future after he arrived at the age of 21. In any event, he was entitled to recover for the pain he had suffer-

ed and would suffer, and for his diminished earning capacity after he arrived at the age of 21 years.

We do not think there is error in the judgment of the court. Appellee, it is true, sued in the two capacities complained of, and as appellee was entitled to recover in any event, satisfaction of the judgment would prevent any further recovery · and completely protect appellant.

Having read and considered all the errors appellant has assigned, or claims to have been committed by the court, we do not find any assigned that requires this cause to be reversed.

The assignments are therefore all overruled, and the judgment of the trial court is affirmed.