RIO GRANDE & E. P. RY. CO. v. ROY CAMPBELL & CO. (No. 7623.)*

(Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1926. Rehearing Denied Dec. 4, 1926.)

1. Carriers ⬅185(3)—Evidence held not to show that diversion of shipment of onions caused delay or damage thereto.

In action for delay in shipment of carload of onions, evidence held not to show that diversion of shipment at shipper's instruction caused delay or damage; shipper's right to divert shipment being part of original contract.

2. Carriers ⬅177(3)—Initial carrier is liable for its negligence or that of connecting carriers in transporting goods in interstate commerce (Act Cong. June 29, 1906, § 7 [U. S. Comp. St. §§ 8604a, 8604aa]).

Under Act June 29, 1906, § 7 (U. S. Comp. St. §§ 8604a, 8604aa), initial carrier is liable for damages arising to goods being transported in interstate commerce, whether it occurs through its negligence or that of connecting carriers.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Roy Campbell & Co. against the Rio Grande & Eagle Pass Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

A. Winslow and W. W. Winslow, both of Laredo, and Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for appellant.

Phelps & Johnson, of Laredo, for appellee.

FLY, C. J. This is a suit instituted by appellees against appellant for the recovery of $942.70 in damages, sustained by them through delay in the shipment of a carload of onions delivered to appellant at Laredo, Tex., for transportation to St. Louis, Mo. The cause was heard without a jury, and judgment rendered in favor of appellees for $942.70, the full amount for which the action was brought.

[1] The facts showed that the car of onions in question was delivered to appellant and left Laredo at the same time with three other carloads of onions belonging to appellees. The other carloads arrived in St. Louis in good time and in good condition. The other carload arrived after much delay and in a damaged condition. The carload was damaged by such delay in transportation in the sum of $942.70. The delay resulted from the negligence of appellant's connecting carriers. The onions were in good condition when delivered to appellant in Laredo. They should have reached St. Louis in 4 days, but did not reach there until after more than 8 days had elapsed. The delay causing the damages took place between Waco, Tex., and Little Rock, Ark., at the latter place, and between Little Rock and St. Louis. The onions were damaged when they reached Little Rock. The damage was caused by delay. The onions were held by the railway company for 24 hours before they were placed for unloading. There was a delay of over 24 hours at Waco, four hours at Tyler, two hours at Texarkana, 7 hours at Pine Bluff, and 6 hours at Stuttgart. The car should have arrived at Little Rock in the morning of April 21; it got there about noon of April 23, and left Little Rock on the morning of April 26. The car reached St. Louis on the morning of April 29th—over 9 days to make a trip that should have consumed not more than 4 days.

The shipment was originally intended for St. Louis, but was diverted at Stuttgart, Ark., to Little Rock. When, after a long delay, the onions were delivered at Little Rock in a damaged condition, the consignees would not receive them, and appellees ordered the car sent to St. Louis. The evidence showed that the diversion to Little Rock did not cause the delay or damage to the onions. But the delays, both before and at Little Rock, and after leaving Little Rock, caused the damage. Appellant admits a delay of 26½ hours to Stuttgart and a delay of 19½ hours between Stuttgart and St. Louis, and that there was a delay of 135 hours from Waco to St Louis, but claims that 89 hours of the delay was caused by the diversion. The evidence does not sustain the claim. Most of the delay occurred on the "Cotton Belt" line.

[2] The initial carrier was liable for the negligence of the connecting carriers in the transportation of the carload of onions. This was an interstate shipment, and Congress has provided that the initial carrier shall be liable for all damages arising to goods being transported, whether the damages occur through the negligence of the initial carrier or any connecting carrier. Act June 29, 1906, c. 3591, § 7, Supp. 1907, p. 909; Barnes' Fed. Code, p. 1920, § 7976 (U. S. Comp. St. §§ 8604a,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction February 2, 1927.

8604aa); Missouri, K. & T. R. Co. v. Stark Grain Co., 103 Tex. 542, 131 S. W. 410.

The authority of appellees to divert the shipment to another point of destination en route entered into and became a part of the original · contract of shipment, and, unless such diversion alone, unmixed with the negligence of the carrier, caused the damages, appellant is liable.

The judgment is affirmed.