## PANHANDLE & S. F. RY. CO. v. REYNOLDS.

### No. 3500.

Court of Civil Appeals of Texas. Amarillo.

Dec. 3, 1930.

Wilson, Randal & Kilpatrick, of Lubbock, and Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellant.

HALL, C. J.

This is a cattle shipping case. Reynolds alleged that he shipped a car of thirty cattle from Sulphur Springs, Tex., to Roundup, Tex., over the line of the appellant Railway Company and its connecting carriers; that twelve of the cows were registered; two of them of the reasonable value of $160 each were lost or killed en route; that one heifer had her hip knocked down, to plaintiff's damage in the sum of $85; that one cow was substituted en route for one of plaintiff's cows which had been lost; that the entire shipment was injured in the total sum of $515.

The defendant's answer admits the death of one cow unloaded at Fort Worth and of another unloaded at Sweetwater, and alleges that they died by reason of natural causes and weakness; that all of the cattle alleged to have been injured were so injured by reason of inherent vice and not through the negligence of defendant or its connecting carriers.

The case was submitted to a jury upon special issues found in favor of plaintiff in the sum of $255. From a judgment entered in accordance therewith, the railway company has appealed.

It appears from the record that, while the cattle were shipped originally from Sulphur Springs, Tex., to Shallowater, Tex., after the shipment left Sulphur Springs they were diverted by the plaintiff, Reynolds, while they were en route, and in accordance with his directions they were carried 4½ miles beyond Shallowater and unloaded at a siding called Roundup. The appellee had the right to divert the shipment, and such right is a part of his original contract. There is nothing in the record which would preclude an inference that the shipment was diverted and carried 4½ miles beyond the original destination by agreement of the parties. This resulted in making Roundup as the real destination, and the market value at that place, instead of at Shallowater, was the proper basis for the estimation of damages. Rio Grande & E. P. Ry. Co. v. Campbell & Co. (Tex. Civ. App.) 288 S. W. 539. A change in destination, being agreed upon by the shipper and the carrier, does not require a new consideration to support it. Davis v. Four Lakes Cattle Co. (Tex. Civ. App.) 245 S. W. 711. The appellant cites Texas & P. Ry. Co. v. Shipman (Tex. Civ. App.) 98 S. W. 449, as authority for its contention that proof of the market value of the cattle at Roundup was inadmissible upon the ground that Roundup was not the destination and that the measure of damages rested on the market value of the cattle at Shallowater, which we presume was named as destination in the bill of lading. The Shipman Case is not in point. No agreement to divert the shipment or change the destination was shown, and Shipman sued to recover the statutory penalty. The facts stated in the opinion are rather meager, but we conclude from reading it that he abandoned the shipment at an intervening station, which abandonment was not, of course, with the consent of the defendant. The court did not err in refusing to direct a verdict for the appellant, since the proof of market value at Roundup was properly admitted.

Complaint is made of the action of the court in permitting Reynolds to testify that twelve of the cows in the shipment were pedigreed or registered cattle and in admitting in evidence two registration certificates issued by the American Jersey Cattle Club. The bills of exception show that the genuineness of the certificates of registration was not established and that the certificates had been handed to Reynolds by a Sulphur Springs bank. The bills further show that the only knowledge he had with reference to the pedigrees of any of the cattle was obtained from hearsay. The plaintiff sought to recover for pedigreed cattle, alleging their value in excess of the value of unregistered cattle. The testimony therefore was on a material issue, and the registration certificates were not admissible until they had been properly authenticated. They were

private documents issued by third parties. Austin & N. W. Ry. Co. v. Saunders (Tex. Civ. App.) 26 S. W. 128; Texas & P. Ry. Co. v. Newsome & Williams, 44 Tex. Civ. App. 513, 98 S. W. 646. His testimony that the twelve head were registered was shown on cross-examination to be hearsay and should have been excluded. The appellee insists that, because the jury found that the two cows described in the registration certificates were worth only $200, they did not accept Reynolds' testimony to the effect that their market value was $160 apiece, and that the error in admitting the testimony of registration was therefore harmless. We cannot assent to this proposition. Reynolds is the only man who testified with reference to the market value of these two cows, and, while the jury was not bound to accept his valuation, a reasonable inference is that they would fix a higher value upon registered cows than if they had been ordinary cattle. They must have formed their opinion from his testimony, as no other witness testified upon that issue. We cannot presume that the jury arbitrarily disregarded all of his testimony as to value and fixed the value of each of these cows according to their own ideas. Rule 62a has no application to a condition like this, and the appellee's contention is overruled.

 The court submitted an issue to the jury with reference to one of the cattle, as follows: "What do you find was the difference in the reasonable market value of the heifer claimed to have been crippled in the condition in which she arrived at Roundup and in the condition she would have arrived if she had been properly handled in transit by the defendant, if you have found the shipment was handled negligently?"

The objection to the issue was that the degree of care required of the company was more onerous than the law authorized and because the issue assumes that the cattle were not handled by the carrier in the manner required by law. The giving of this issue would not require a reversal of the case, but, in giving issues, it is best to use phrases and language which have been recognized as clear and specific and approved by judicial construction. As said by this court in Panhandle & S. F. Ry. Co. v. Andrews, 278 S. W. 478, a railway company is required both by statute and common law to receive and transport live stock with reasonable care, diligence, and dispatch. The phrase "properly handled in transit" conveys no definite idea to the jury unless the charge of the court had fully instructed the jury with reference to what constitutes, under the law, proper handling of a shipment of live stock.

 The appellant contends that the court erred in defining proximate cause. The court charged the jury that "proximate cause as that term is used in this charge means the efficient and moving cause without which the injury in question would not have occurred. That is, an act becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act in question and ought to have been foreseen in the light of the attendant circumstances." The objection to the definition is that the court did not define the term "efficient and moving cause." We think this objection is hypercritical. The court is only required to define legal and technical terms. "Efficient and moving cause" does not fall within the rule. In Ramsey v. Gibson (Tex. Civ. App.) 185 S. W. 1025, and in Lumsden v. Jones (Tex. Civ. App.) 227 S. W. 358, 360, it is held that "efficient and procuring cause" in a charge in an action where a broker is suing for commissions, and "procuring cause" in the charge in the same kind of a case, are not such technical and legal terms as require particular definition by the court.

Other contentions by the appellant not specifically discussed are without merit and are overruled.

Because the court erred in admitting the testimony with regard to the pedigree of the cattle, the judgment is reversed, and the cause remanded.