## FOSTER v. BECKMAN.

No. 4334.

Court of Civil Appeals of Texas. Amarillo.
June 10, 1935.

Rehearing Denied Sept. 9, 1935.

Simpson, Dorenfield, Foster & Fullingim, of Amarillo, for appellant.

Hoover, Hoover & Cussen, of Canadian, for appellee.

MARTIN, Justice.

Appellee sued appellant for damages growing out of a collision of their respective trucks on a public highway. He alleged and proved severe bodily injuries, consisting mainly of the loss of an arm, and also damages to his truck.

Appellant's answer and his evidence raised, among others, the defensive issue of contributory negligence. All main and corollary issues relating to negligence, submitted to the jury, were answered against appellant. The defensive issues will be referred to hereafter.

Upon the verdict returned, the court entered judgment for appellee in the sum of $5,600.50.

■ In defining "proximate cause," the court used the phrase "moving and efficient cause." The point is made here that such phrase should have been defined and the trial court's refusal to do so, upon proper exception, constitutes reversible error. It has been pointedly held otherwise by this court. Panhandle & S. F. Ry. Co. v. Reynolds (Tex. Civ. App.) 33 S.W.(2d) 249; see, also, Texas & P. Ry. Co. v. Short (Tex. Civ. App.) 62 S.W.(2d) 995 (writ ref.); Gulf States Utilities Co. v. Wuenscher (Tex. Civ. App.) 72 S.W.(2d) 682 (writ dis.). We consume space unnecessarily to say that in our opinion the practice of requiring a trial court to define his definitions, except in very rare instances, tends only to confuse the jury and is just another way of judicially killing our special issue statute by rendering its operation farcical.

■ The trial court admitted, over objection, testimony to show the necessary, reasonable cost of the labor and material required to repair appellee's truck so as to restore it to the same condition it was in before the collision. These were likewise submitted as issues to the jury. This was inadmissible in evidence in the absence of proof that such truck had no market value. 13 Tex. Jur. p. 410; 17 Tex. Jur. 448. We have been pointed to no evidence, and have found none in the record, which could be said to sufficiently lay a predicate for the introduction of this evidence. Appellant's objections to this should have been sustained.

■ The trial court charged the jury as follows:

"What amount of money, if paid now, would reasonably compensate the plaintiff for the injury done to his person in said collision?

"In answering this special issue No. 7, you may take into consideration such, if any, of the following items as have been established, if they have been established, by a preponderance of the evidence, and none other, to wit:

"(a) Physical pain that the plaintiff has suffered in the past, if such pain was proximately caused by said injury; and,

"(b) Mental pain that the plaintiff has suffered in the past, if such pain was proximately caused by said injury; and,

"(c) Diminished ability of the plaintiff, if his ability has been diminished, to earn money, if such diminished ability, if any, was proximately caused by said injury."

Appellant excepted to this because it authorized a "double recovery." In what respect it authorized such recovery was nowhere pointed out. If we consider appellant's exception as sufficient, the charge, in our opinion, fails to reflect the error complained of. Substantially similar charges have many times been approved. 13 Tex. Jur. pp. 443, 444, and authorities cited; Breckenridge Ice & Cold Storage ·Co. v. Hutchens (Tex. Civ. App.) 260 S. W. 684; Southern Traction Co. v. Owens (Tex. Civ. App.) 198 S. W. 150 (writ ref.).

■ Statements made by appellant's truck driver at the scene of the accident, and some thirty minutes thereafter, were offered in evidence by appellant and rejected by the trial court. These were not, in our opinion, res gestæ. They were, we think, properly refused admission because self-serving and hearsay. We do not think any discussion of this musty subject would add anything of value to this opinion and content ourselves with the above announcement.

■ The jury in answer to special issues found that appellant was driving his truck on the wrong side of the public road at forty-five miles per hour. The testimony of appellee was that in passing, appellant's truck "side-swiped" his own, striking appellee's arm which was resting on the side of the truck cab and injured it so severely he lost it by amputation. One of the defensive theories pleaded and proven was that appellee at the time of the accident was driving his truck at about dark with only one headlight burning. The court gave appellant's special requested charge, which was as follows:

"Gentlemen of the Jury:

"You will answer the following questions 'yes' or 'no' from a preponderance of the evidence.

"(a) At and immediately prior to the time of the collision in question did the plaintiff, Joe Beckman, have only one headlight burning on the truck he was driving?

"(b) If you answer the preceding question 'yes,' then answer the following question:

- "Was the act of plaintiff, Joe Beckman, in driving his truck at the time and place in question with only one headlight burning, negligence as that term is defined in the Court's main charge?

"(c) If you answer the preceding question 'yes,' then answer the following question:

"Was such negligence on the part of Joe Beckman a proximate cause of his injuries?

"(d) Did the act of Joe Beckman in driving his car with only one headlight burning, at and immediately prior to the time of the collision, if you have answered he was so doing, contribute to his injuries?"

The jury answered subdivisions (a) and ·(b) "yes," (c) "no," and (d) "yes." The appellant contends here that such answers entitled him to a judgment. We quote from his brief:

"Violation of a positive statutory rule is, of itself, contributory negligence."

" * * * it is not necessary to defeat recovery on the ground of contributory negligence to show that the plaintiff's negligence was a proximate cause of his injury. This may sound like an unusual statement, but we have ample authority to support it."

To assert that proximate cause is not an element of contributory negligence is indeed an unusual statement, but not quite so remarkable as the fact that appellant cites expressions from authorities which on their face support his theory. We do not think there is any doubt that the Supreme Court has pointedly and repeatedly held contrary to appellant's contention, and that such holdings comport with sound reason and the most elementary principles of justice and right. This very case furnishes all the reason for such a rule that is needed. Here the jury found that appellee had only one headlight burning, but that same was not the proximate cause of his injuries. The evidence is that appellant saw appellee's truck ahead of him, several hundred yards before he met it; that· it had only one light burning. The jury found appellant was driving forty-five miles an hour on the wrong side of the road. Even if appellee had only one headlight burning, does this fact take from him every legal right he has, and relieve any wild driver on the road from liability, who runs over him? So it would be, if appellant's theory is correct. The jury was amply justified in finding that there was no causal connection between the negligence of appellee in having one headlight and the accident. •

"The wrong on the part of plaintiff which will preclude a recovery for an injury sustained by him must be some act or conduct having the relation to that injury of a cause to the effect produced by it. Sutton v. Wauwatosa, 29 Wis. 21, 9 Am. Rep. 534; Philadelphia, W. & B. R. Co. v. Philadelphia & H. de G. Steam Towboat Co., 23 How. 209, 16 L. Ed. 433. Plaintiff's violation of the law, in order to affect his case, must, like any other act, 'be a proximate cause in the same sense in which defendant's negligence must have been a proximate cause in order to give any right of action.' 1 Shearm. & Redf. Neg. 94." St. Louis, B. & M. Ry. Co. v. Price (Tex. Com. App.) 269 S. W. 422, page 426.

"Plaintiff's violation of statute, to constitute negligence precluding recovery, must have been proximate cause of injury.

"In automobile driver's action against railroad for injuries sustained in crossing collision, railroad, to defeat recovery on ground that driver was contributorily negligent in not paying license tax under Vernon's Ann. Pen. Code Supp. 1918, art. 820a, and because of other infractions of automobile statutes, had burden of showing that such infractions were proximate cause of collision." St. Louis, B. & M. Ry. Co. v. Price (Tex. Com. App.) 269 S. W. 422.

(The last two are syllabi quotations.)

See, also, Wilson v. Southern Traction Co., 111 Tex. 361, 234 S. W. 663; Koons v. Rook (Tex. Com. App.) 295 S. W. 592; 45 C. J. p. 972 and authorities cited; 30 Tex. Jur. p. 758, § 92, and authorities cited.

Appellant relies strongly upon expressions in the opinion of Judge Gallagher in Estes v. Davis (Tex. Civ. App.) 28 S.W. (2d) 565. This authority is bottomed largely upon the Supreme Court Commission case of Hines v. Foreman, 243 S. W. 479, 483, and others of like character. We quote from this latter case: "It is now well settled that, although the violation of a statute is negligence per se, in order to be actionably so, such negligence must be the proximate cause of the injury complained of, and that the rules governing proximate cause apply alike to the violation of a statute and to common-law negligence or the failure to use ordinary care. Waterman Lumber Co. v. Beatty, 110 Tex. [225] 227, 218 S. W. 363; San Antonio & A. P. Railway v. Behne (Tex. Com. App.)

231 S. W. 354; Texas & N. O. Railway v. Harrington (Tex. Com. App.) 235 S. W. 188. In the abstract, therefore, this contention of plaintiffs is correct. We have reached the conclusion, however, that as applied to the facts in the present case this contention cannot be sustained. The province of the jury is to determine the controlling facts upon which there is a controversy in the evidence. If under the facts of a case the violation of a statute might reasonably be a cause of the accident, but not necessarily a proximate cause thereof, then a jury finding to the effect only that it was a cause, in the absence of a finding that it was a proximate cause, would be wanting in an essential element as a finding of contributory negligence. We are unable to conceive, however, of any theory upon which the jury could find that the failure to use the muffler could cause or contribute to the injury in the present case without doing so proximately. The only possible way in which such failure could contribute to any degree in causing the injury was in preventing the occupants of the car from hearing, and therefore from discovering, the approach of the train in time to avoid the collision. * * * It seems clear to us that the finding that the failure to use the muffler caused or contributed to the injury necessarily includes a finding under the peculiar facts of this case that it was a proximate contributing cause, and being a violation of a positive statute upon the subject, and therefore negligence per se, contributory negligence of the plaintiff would follow as a matter of law from this jury finding."

It is apparent that Judge McClendon in this case specifically held that proximate cause was a necessary element of contributory negligence, but that its peculiar facts compelled a holding that proximate cause existed from the jury's finding. Not so here. Can any judicial tribunal say that in this case there was, as a matter of law, a causal relation between appellee's negligence in failing to have both headlights burning, and the accident, when the jury's findings show the appellant approached him about dark on the wrong side of the road at a speed of forty-five miles an hour; the evidence showing conclusively that he saw appellee and knew of the presence of appellee's truck? The jury also found that appellant failed to reduce his speed and that such failure was negligence. The evidence on many points was sharply conflict-

ing, but that for appellee fully supports the jury's finding of lack of proximate cause.

■ Nor do we think that said findings were conflicting, as contended by appellant, when given their proper legal effect. True, the jury found that appellee's negligence "contributed to his injury." This charge was cast into language selected by appellant. He requested it. He deliberately chose to ignore the issue of proximate cause, sincerely believing then, no doubt, as his counsel yet do, that such was not a necessary element to be submitted. The language of Judge Short in Koons v. Rook (Tex. Com. App.) 295 S. W. 592, page 597, completely answers his contention. We quote: "However, even though the conduct of the plaintiffs amounted to negligence and *contributed to the injuries* received by them, yet, unless this conduct was a proximate cause of the injuries inflicted upon the plaintiffs by the defendant, it would not defeat a recovery." (Italics ours.)

And further:

"It is not sufficient that the negligence for which plaintiff is responsible contributed to cause the injury complained of. In order to be contributory negligence, such negligence must be a proximate cause of the injury. It must be proximate to the injury in the same sense in which defendant's negligent act or omission must have been proximate to the injury in order to give a right of action. * * * Thus negligence for which plaintiff is responsible will not defeat recovery under the doctrine of contributory negligence if it did not so contribute that, but for such negligence the injury would not have occurred, or if the injury is not a natural and probable consequence of such negligence, * * * or if such negligence is merely an antecedent occasion, condition, or attendant circumstance of the injury." 45 C. J. pp. 972–975.

"It is not sufficient to bar an action that contributory negligence may contribute 'in the least degree' or 'in any degree' or that it merely 'contributes' to the accident or happening. It must enter into and form a part of the efficient cause thereof, before it will bar an action if one otherwise could be maintained." Carr v. St. Joseph (Mo. Sup.) 225 S. W. 922, 923.

■ We do not know what was in the jury's mind in answering subdivision (d)

"yes," but we interpret the above authorities as holding that negligence which merely contributes to his injury does not defeat a plaintiff's recovery except in those cases whose peculiar facts compel a finding of proximate cause as a matter of law from a finding such as the above. There must be a causal connection between the negligence of a plaintiff and his injury to defeat recovery, and this regardless of whether his negligence is per se from a violation of a statute or merely common-law negligence. Any other would be a monstrous doctrine. The appellant himself elected to have his defensive issue cast into the quoted language. In our opinion, the answer to subdivision (d) could not be made the basis, under the facts of this record, for a judgment in his favor, and was immaterial.

Suppose the findings for the appellee had been that the appellant was negligent, and that such negligence contributed to appellee's injuries but was not the proximate cause of same; could it be seriously contended that any court would order a judgment entered for plaintiff upon such findings? Is there, then, one rule for the plaintiff and another for defendant in this character of case? The above quotations demonstrate that there is not, if such a plain proposition needs any demonstration.

■ Finally, it is contended that there was jury misconduct in the mere asking of the following question by the jury of the court during its deliberation: "If we find that both plaintiff and defendant were guilty of contributory negligence, can we award damages?" No evidence was introduced of anything said by any juror during the trial on the subject inquired about. The appellant rests his contention of misconduct on the fact alone that such question was asked. We overrule this assignment. Evidently the jury, after reading the multitude of issues submitted and technical definitions, became somewhat confused. This is not surprising.

The judgment here awarded appellee $156.50 as cost of labor and material to repair his truck. As already indicated, there is not shown any basis for the admission of evidence to support this award. This judgment is affirmed upon condition that such amount be remitted within fifteen days from this date; otherwise, the judgment will be reversed and remanded.