## HENWOOD v. MASSINGILL.

### No. 3623.

Court of Civil Appeals of Texas. Beaumont.

March 4, 1940.

Rehearing Denied March 27, 1940.

Ramey, Calhoun & Marsh, of Tyler, for appellant.

H. R. Rolston, of Lufkin, for appellee.

WALKER, Chief Justice.

On the 8th day of July, 1939, in county court of Angelina county, judgment was rendered in favor of appellee, John Massingill, against appellant, Berryman Henwood, trustee St. Louis Southwestern Railway Company of Texas, debtor, for the sum of $530, damages assessed by a jury resulting from a railroad crossing accident. The evidence raised the fact issues of negligence submitted to the jury, and satisfactorily supports the jury's findings.

Proximate cause and its element "new and independent cause" were fact issues for the jury. The court submitted the following definition of proximate cause: "'Proximate Cause,' as used herein, means the moving and efficient cause, which, in a natural and continued sequence, produces the result complained of, and without which that result would not have occurred, and in the light of the attendant circumstances, such result, or a similar one, ought to have been foreseen by a person of ordinary care and prudence."

Southland Greyhound Lines, Inc. v. Cotten, 126 Tex. 596, 91 S.W.2d 326, by the Commission of Appeals, supports appellant's proposition that the court erred in refusing to define the term "moving and efficient cause" as used in the court's charge. Appellee would support the court's definition with Foster v. Beckman, Tex.Civ.App., 85 S.W.2d 789, which is in point. But as we construe the Cotten case, it overruled the Beckman case, and the authorities cited therein. The other points of error need not occur on another trial.

The judgment is reversed, and the cause remanded.