JOHN MASSINGILL V. BERRYMAN HENWOOD, TRUSTEE.

No. 7739. Decided January 21, 1942.
Rehearing overruled February 18, 1942.
(159 S. W., 2d Series, 119.)

*H. R. Rolston,* of Lufkin, for plaintiff in error.

*Ramey, Calhoun & Marsh,* of Tyler, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a county court case in which plaintiff sued defendant for $666.60 damages for demolishing his automobile at a railroad crossing in the city limits of Lufkin, Texas, alleging such amount to be the reasonable cash market value, "then and there," of the automobile. The opinion of the Court of Civil Appeals (138 S. W. (2d) 554) is brief. At it discloses on its face the only questions passed upon by that court, it is referred to as a sufficient statement upon which to deal with those questions.

■ The holding that Southland Greyhound Lines, Inc. v. Cotten, 126 Texas 596, 91 S. W. (2d) 326, overruled Foster v. Beckman (wr. ref.), 85 S. W. (2d) 789, is erroneous. The two cases are not in conflict. The Cotten case has no application here. It was a case involving "new and independent cause" whereas the present case does not involve either by pleading or evidence, such cause. Nor does it overrule Foster v. Beckman, which correctly holds, in a very terse and pointed statement, that it was not error for the trial court to refuse to define the phrase "moving and efficient cause." This court refused an application for writ of error in the case, thus placing its stamp of approval upon the holding. (125 Texas 649).

The phrase referred to was used in the Cotten case in defining "proximate cause" in the charge there complained of, but the charge was held to be defective *because it did not embody the idea of "a new independent cause,"*—not because of failure to define the phrase "moving and efficient cause." The opinion points out, citing Phoenix Refining Co. v. Tipps, 125 Texas 69, 81 S. W. (2d) 60, that in a case in which the evidence tends, as it did there, to prove the presence of a new and independent cause intervening between the alleged wrong and the injury, that "it is reversible error * * * not to submit a definition of 'proximate cause' embodying that term, or a similar term, *together with a definition of same."* It is there pointed out in that connection that it is not the word "cause" which necessitates defining either the term "proximate cause," or the term "new and independent cause," but that the word "proximate" in the former and the term "new and independent" in the latter, necessitates the definitions. The opinion states that it is reversible error, when the evidence requires, not to submit a definition of "proximate cause" embodying the term "new and independent cause," and further states that "none of the terms used in the definition of that term are such as to require defining." The two kinds of "causes" necessary to be defined in the charge embodying the idea of a new and independent cause are "proximate" and "new and independent." They have fixed legal meanings of long standing, and, as is stressed in the opinion, it is necessary that they be so defined and so differentiated as to enable the jury to properly pass upon the issues. To inject and attempt to simplify by definition, other kinds of causes, such as "moving and efficient cause," "sole cause" and "concurring cause" respectively, tends, in the ordinary case, to confusion rather than clarification. To prevent just this, and thereby avoid the "philosophical niceties of the age-old discussion of

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

causation," is the common purpose behind the holdings in Kemper v. Beckman and the Cotten cases. The two opinions are in no wise in conflict.

The Court of Civil Appeals erred in reversing and remanding the case for refusal of the trial court to define "moving and efficient cause." See in this connection Texas Motor Coaches v. Palmer, 132 Texas 77, 121 S. W. (2d) 323; Robertson & Mueller v. Holden (Com. App.), 1 S. W. (2d) 570; St. Louis S. W. Ry. Co. of Texas v. Lowry (Civ. App.), 119 S. W. (2d) 131; Texas & P. Ry. Co. v. Short, (wr. ref.) 62 S. W. (2d) 995.

The court in disposing of the remaining "points of error" urged by defendant states merely that they "need not occur upon another trial." No additional brief has been filed by defendant in error in this court. Upon consulting his brief filed in the court below we find that complaint is first made of the action of the trial court in refusing to grant his motion for continuance. The facts stated by the trial court in qualifying the bill of exception preserving the point bring the case within the holding of American National Insurance Co. v. Hammon et al, 91 S. W. (2d) 432, to the effect that such action on the part of the trial court does not require a reversal. We cannot say upon the record before us that the trial court abused his discretion in refusing to continue, or again postpone, the case. We overrule defendant in error's contention on this point.

■ The second proposition is to the effect that the trial court should have granted defendant's motion for an instructed verdict because of a total want of evidence to sustain the jury's findings of negligence for failure of defendant to slow down the motor car, failure to keep a proper lookout for approaching vehicles, and that defendant was negligent, after signaling Guy Nerren to drive plaintiff's car across the railroad tracks, for failure to stop the motor car. The third proposition which is discussed along with the second urges that Guy Nerren's negligence in his manner of driving the car upon the tracks, caused the collision. We overrule those assignments, being of the view that evidence is pointed out in the record to support the jury's findings.

■ Other propositions urge that the trial court erred in refusing to define the term "natural and continuous sequence" and "proper lookout." There was no error in failing to define these terms. Writ of error has been repeatedly refused by this Court

in cases in which the Courts of Civil Appeals upheld the action of the trial courts in refusing to define "natural and continuance sequence." International Brotherhood of Boilermakers, etc., of America v. Huval (Civ. App.), 154 S. W. (2d) 233, loc. cit. (5), p. 235, and cases there cited.

The Courts of Civil Appeals are in conflict with respect to the necessity of defining "proper lookout." The San Antonio Court, under what it felt was an obligation "to yield to superior authority," reluctantly committed itself to the doctrine that it was necessary, upon request, to do so. At the same time Justice Smith, speaking for the Court, took occasion in a well timed judicial lament to point out that "the decisions have gone so far in requiring trial courts to define terms used by them in jury instructions that it is becoming increasingly difficult for a trial judge to submit even an ordinarily simple case upon special issues without committing reversible error." The case did not reach this court.

Subsequently, the late Judge Martin (then Associate Justice of the Amarillo Court) who wrote the opinion in Foster v. Beckman, supra, held to the contrary in Commercial Standard Ins. Co. v. Shudde, 76 S. W. (2d) 561. That case reached this court by writ of error granted upon another point, but while pending on the cause docket was affirmed (without written opinion) by agreement of the parties. The reasoning upon which its holding that it was not there necessary to define "proper lookout," is sound. See in this connection Coca Cola Bottling Co. v. Heckman (Civ. App.), 113 S. W. (2d) 201. Furthermore the holding is in keeping with the procedural principles stated in the Cotten and Foster cases, supra. There was no error in the trial court's failure to define "proper lookout."

■ The concluding proposition complains that the county court erred in rendering judgment against defendant for $530.00 as damages to his car in that there is no jury finding as to its reasonable cash market value immediately prior to and immediately following the collision, *at the particular place it occurred.* The respective values were established but the questions submitting the issue did not include the element of place. Two questions were submitted inquiring respectively what was the reasonable cash market value of the automobile "as it existed immediately prior to" and "immediately following" the collision, but the element of "place" was not included in either question. The first question was answered, $550.00; the second, $20.00.

Judgment was rendered accordingly for the difference, $530.00. The sole objection of defendant is that the *questions* did not include the element of "place." It is without merit under the record before us. ˙

Ara v. Rutland (Com. App.), 215 S. W. 445, and Anderson v. Reichart (Civ. App.), 116 S. W. (2d) ˙ 772, are cited by defendant to support his contention.

Only witnesses for plaintiff testified as to value, Guy Nerren, J. C. Murphy and John Massingill, the owner. All resided at Lufkin where the damage occurred. Nerren testified as to his familiarity with the value of automobiles of the kind in question "in Lufkin and vicinity," and placed the value at "around $700.00," just prior to the collision. Murphy, who bought the salvage from the wreck for $20.00, testified he was an automobile mechanic, had been in that business about 12 years and had had occasion to buy and sell automobiles during that time and placed the value of the car just before it was wrecked at between ˙$600.00 and $700.00. Massingill testified he was familiar with the market value of automobiles of that type "in Lufkin and this vicinity" and placed the value immediately before the collision at $800.00. Defendant offered no testimony as to value, and no objection upon any ground was made to any testimony offered by plaintiff on the damage feature of the case.

The testimony is subject to the construction that the damage testified about was at Lufkin, no other point being mentioned. Since there was a total lack of evidence of value at any other point it was not reversible error to fail to include in the questions as to damage the element of "place." The jury could not have been misled.

In view of the authorities invoked by defendant to sustain his contention we take occasion to say that Ara v. Rutland deals with the question of a total lack of evidence of the *value of shoes* at the place in question and is not in point for the reason (1) that there is not in the present case a total lack of evidence of "place" and (2) because second-hand automobiles have practically a uniform value throughout the State. We point out also that the judgment of the Court of Civil Appeals in the Anderson case ( the holding of which as to what was the correct rule for measuring damages to the automobile in question was predicated on Ara v. Rutland) was permitted

by this court to stand (the application for the writ was dismissed rather than refused) solely because the case was correctly reversed and remanded upon another ground.

The Court of Civil Appeals erred in failing to affirm the action of the trial court in the particulars pointed out. The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court January 21, 1942.

Rehearing overruled February 18, 1942.