**ROBERTSON & MUELLER v. HOLDEN.\***
(No. 884—4958.)

Commission of Appeals of Texas, Section B.
Jan. 11, 1928.

1. Trial ⬉219—Legal terms which have distinct fixed meaning which ordinary person would not readily understand should, upon proper request, be defined in trial on special issues (Vernon's Ann. Civ. St. 1925, art. 2189).

While court need not define in its instructions ordinary words of simple meaning, those terms which in law have a distinct fixed meaning which an ordinary person would not readily understand should, upon proper request, be defined under Vernon's Ann. Civ. St. 1925, art. 2189, requiring explanations and definitions of legal terms in cases submitted on special issues.

2. Appeal and error ⬉216(1)—Court's omission in case tried on special issues to define "new independent cause" in connection with proximate cause on defendant's specific objection held error, though no special charge was requested (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1985; Vernon's Ann. Civ. St. 1925, art. 2189).

In action for injuries tried on special issues, in which court defined term "proximate cause," failure of court on specific objection of defendant to omission of definition of "new independent cause" to define such term was error requiring reversal under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1985, and Vernon's Ann. Civ. St. 1925, art. 2189, though defendants failed to prepare and request special charge relative to such term.

3. Trial ⬉219—Party is entitled to have court give definitions and explanations of terms upon proper request.

It is the right of the party, upon properly presenting the matter, to have proper definitions and explanations of terms given by court.

4. Appeal and error ⬉216(1)—Objection pointing out omission in instruction is sufficient predicate for reversal without specially requested charge (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1985).

Proper objection pointing out alleged defect in instruction is a sufficient predicate for reversal, whether defect in court's charge is an affirmative error or mere omission, and appellant need not have submitted a special charge to cure the defect or omission under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971 and 1985.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Lois Holden, by next friend, against Robertson & Mueller. Judgment for plaintiff was affirmed by the Court of Civil Appeals (297 S. W. 327), and defendants bring error. Judgments of both courts reversed, and cause remanded.

See, also, 294 S. W. 667.

Chas. T. Rowland, of Fort Worth, and Burgess, Burgess, Chrestman & Brundidge, M. N. Chrestman, and L. E. Elliott, all of Dallas, for plaintiffs in error.

Houtchens & Clark, of Fort Worth, for defendant in error.

SPEER, J. This is a personal injury suit instituted by Lois Holden, by next friend, against Robertson & Mueller, based upon negligence in causing the overturning of an ambulance in which the plaintiff was riding. The ambulance was carrying the plaintiff's brother to a hospital on an emergency call, and the plaintiff alleged she was invited by the driver to ride in the ambulance to the hospital, and on its way it came in collision with another vehicle and was overturned. The case was tried upon special issues, resulting in a judgment for the plaintiff in the sum of $750. This judgment was affirmed by the Court of Civil Appeals for the Second District (297 S. W. 327), and a writ of error was granted to Robertson & Mueller upon the sixth assignment in their application, complaining of the failure of the trial court to define the term "new independent cause" in connection with his definition of "proximate cause."

Article 2189 of Vernon's Annotated Texas Statutes, providing for the submission of cases upon special issues, declares:

"In submitting special issues, the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

[1, 2] In the nature of things, the statute has not attempted to declare what "legal terms" shall be explained or defined further than "shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." Reasonable necessity, considering the term or terms used, then, should be the test. Ordinary words of simple meaning, of course, need not be defined. But those terms which in law have a distinct fixed meaning which an ordinary person would not readily understand should, upon proper request, be defined. This is recognized in the universal practice in negligence cases of the giving of a definition of such terms as "ordinary care," "negligence," "proximate cause," "unavoidable accident," and the like. In this case, the trial judge, in obedience to this rule of practice did define these very terms. The definition of "proximate cause," as given, is as follows:

"Proximate cause is that cause which in a natural and continuous sequence, unbroken by any new independent cause, produces an event, and without which that event would not have occurred, and to be the proximate cause of an event it must have been reasonably anticipated by a person of ordinary prudence that the in-

jury or some similar injury would occur. There may be more than one proximate cause of an event."

The defendants timely objected to this definition, "because the same furnishes no test or rule to guide the jury in determining what is a new independent cause such as will break sequence, and because the term 'new independent cause' is a technical term requiring some explanation in order that it may be properly applied by the jury." No charge was prepared by the defendants and requested of the court, but the objections complaining of the omission in the court's charge were specific to the point. We think, in view of the fact that the term "new independent cause" has as well-defined meaning in law as the more common expressions "ordinary care," "negligence," "proximate cause," and the like, that it should have been explained or defined in the charge.

[3] It is the right of a party, upon properly presenting the matter, to have proper definitions and explanations of terms given. Hines v. Hodges (Tex. Civ. App.) 238 S. W. 349, writ refused; Davis v. Pettitt (Tex. Com. App.) 258 S. W. 1046; Northern Texas, etc., Co. v. Jenkins (Tex. Civ. App.) 266 S. W. 175; Owens v. Navarro, etc., District, 115 Tex. 263, 280 S. W. 532.

[4] The Court of Civil Appeals does not question the propriety or even the necessity of proper definitions, but it puts its decision upon the ground that the matter was not properly presented; that the defendants should have submitted to the court a specially requested charge curing the omission, for which holding they cite a number of Court of Civil Appeals decisions which seem to support it. But the later holding of the Supreme Court in Gulf, etc., Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183, undoubtedly establishes a contrary rule. It makes a distinction that is worthy of notice, and explains perhaps the refusal of writs in some of the cases by the Courts of Civil Appeals apparently sustaining the Court of Civil Appeals in this case. That distinction is with respect to the correlative effect of articles 1971 and 1985 of our statutes (Vernon's Sayles' Ann. Civ. St. 1914). The Supreme Court says:

"These two statutes were enacted to accomplish the same purpose, and we think a failure to submit any *particular issue* under either statute can be reviewed on appeal only where the record shows a special charge was tendered on that issue.

"But in the instance of a *defective* or *erroneous* charge on a subject or issue which the court has undertaken to charge upon, the objections required by article 1971 take the place of special charges, and render it unnecessary that the latter be tendered. It is immaterial whether the matter objected to in the court's charge is a mere defective or incomplete statement of the law or issue to be determined, or is affirmative-

ly erroneous; objections which sufficiently specify the error will preserve the point on appeal, without the necessity of again directing the court's attention to the same subject by special charge." (Italics ours.)

It is thus the rule that, whether the defect in the court's charge be an affirmative error or mere omission, a proper objection pointing out the defect is a sufficient predicate for reversal. This is obviously sound reasoning, for, if the objection to the charge itself specifically points out the defect, there is no need of a second complaint based upon the refusal of a requested charge presenting the identical matter. It is a most common sense interpretation of the statutes.

For the error in the trial court's charge here discussed, we think the judgments of both courts should be reversed and the cause remanded for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.