**BLANCH et al. v. VILLIVA et al.** (No. 1902.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 14, 1929.

C. A. Lord, of Beaumont, for appellants.
Barnes & Barnes, of Beaumont, for appellees.

WALKER, J. On the 25th day of July, 1928, at the intersection of Calder avenue and Fourth street in the city of Beaumont, there was a collision between appellees' car, driven by appellee Sam Villiva, and appellants' car, driven by Mrs. Blanch. The suit was by appellees against appellants for the resulting damages to their car. Appellants answered by pleading that the collision was the result of appellees' negligence. Each pleaded against the other the issue of contributory negligence. The verdict of the jury acquitted appellees of all negligence, but convicted appellants of negligence in the following respects: (a) In the rate of speed at which the car was being driven; (b) in failing to keep a proper lookout for the approach of other vehicles at the intersection of Fourth street and Calder avenue; (c) in failing to "slow down for the Calder avenue intersection of Fourth street at said time and place"; (d) in failing to "sound a horn at the time of said approach"; (e) in failing to turn "to the left and thereby avoid the collision." By verdict, appellees' damages were assessed at $375, and judgment entered accordingly.

The court submitted the case to the jury on the following definition of proximate cause: "By 'proximate cause' is meant an efficient cause, without which the injury would not have happened, and from which danger of injury might reasonably have been anticipated as a natural and probable sequence."

To this definition appellants filed the following exceptions: "The defendants except and object to the court's definition of the term 'proximate cause' because said definition wholly ignores the element of other effecting causes which might co-operate and because it wholly ignores the element of independent cause. And they further except to said definition and to the court's failure to define 'efficient cause' because the same is a technical term and the jury have no instructions as to what it means and it should be defined to the jury; and further because the term 'efficient cause' is just as necessary to be defined to the jury as the term 'proximate cause' itself and without some definition of the term 'efficient cause' the jury would have no guidance either in determining what is meant by 'efficient cause' or what is meant by 'proximate cause.' And further they object and except to said

definition 'proximate cause' because it wholly ignores the question of continuity of causation and wholly ignores all element of interruption of causation. And they except further to said definition because it ignores the element of 'ordinary care' as furnishing the foreseeableness of any event or happening."

The specific exceptions to this charge are presented by appellants as separate assignments of error, as follows: First. The failure to define the term "efficient cause." Second. Because said definition wholly ignores the element "of other effecting causes which might co-operate," and because it wholly ignores the element of independent cause." Third. "Because it wholly ignores the element of causation and wholly ignores all element of interruption of causation." Fourth. Because it ignores "the element of 'ordinary care' as furnishing the foreseeableness of any event or happening."

■ We think the court erred in refusing to define the term "efficient cause" as used in its definition of "proximate cause." In Rio Bravo Oil Company v. Matthews, 20 S.W.(2d) 342, we reversed the judgment of the lower court because of the refusal to define the term "efficient intervening cause." On authority of Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, appellee conceded error in that ruling, but contended, on the peculiar facts of his case, that the error was harmless. On authority of the Holden Case, it has been held error not to define the following terms: "Probable cause," Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224; "contributory negligence," Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 168; "paying quantities" and "due diligence," Oil Company v. Stuard (Tex. Civ. App.) 7 S.W.(2d) 878; "overreaching," "pressure," "threats," "undue influence," "misrepresentations," "fraud," Southern Surety Company v. Solomon (Tex. Civ. App.) 4 S.W.(2d) 599. As to these last terms it was said: "These terms have come to have a fixed legal meaning which an ordinary person would not readily understand, necessitating, therefore, their explanation by the court." That the term "efficient cause" has acquired a fixed legal meaning not readily and easily comprehended by the average layman unversed in the law we think is manifest from the definitions of this term now being given and recognized as controlling by the appellate courts. We take the following from 3 Words and Phrases, Third Series, p. 135:

" 'Efficient cause' is that cause of an injury to which legal liability attaches. Bole v. Pittsburgh Athletic Club (C. C. A. Pa.) 205 F. 468, 471, 46 L. R. A. (N. S.) 602."

"In determining what was the efficient cause of an injury, the test is to be found, not in the number of intervening events or agents, but in their character, and in the natural and probable connection between the wrong done and the injurious consequence. Sarber v. City of In-

dianapolis, 126 N. E. 330, 331, 72 Ind. App. 594."

Other definitions illustrating the necessity of defining this term may be found in the First and Second Series of this work.

If, in what we have said, we are in conflict in any way with Ramsey v. Gibson (Tex. Civ. App.) 185 S. W. 1025, and Lumsden v. Jones (Tex. Civ. App.) 227 S. W. 358, the controlling effect of those decisions was denied by the Supreme Court in Robertson & Mueller v. Holden.

■ We think the court's definition was defective in the other respects assigned against it. In Linn Motor Company v. Wilson (Tex. Civ. App.) 14 S.W.(2d) 867, 870, the Chief Justice of this court submitted for the benefit of the bar a full and complete definition of this term, except where it may be necessary to define the technical terms as used therein. After setting out the other elements of proximate cause, the following charge was suggested on the issue of foreseeableness: "And from which it ought to have been foreseen or reasonably anticipated by the defendant, in the exercise of ordinary care that the injury complained of, or some similar one, would result naturally and probably, in the light of the attending circumstances." In view of this suggested charge, we do not agree with appellees in their contention that "the word 'reasonably' certainly imports the element of ordinary care." The definition was clearly defective in omitting the elements of new independent cause. While recognizing that ordinarily the definition should submit this issue, appellees insist that it was not error in this case on the ground that the issue of new independent cause was not raised by the evidence. This counter proposition cannot be sustained. The evidence raised against appellees the issue of primary negligence, as well as contributory negligence, thereby raising the issue of new independent cause. It is no answer to appellants' assignment that the jury found appellees not guilty of negligence. In defining the issue of proximate cause as it related to appellants' negligence, they were entitled to a definition calling to the attention of the jury all the issues raised by the evidence. Railway Company v. Washington, 94 Tex. 510, 63 S. W. 534, 538, by the Supreme Court dismissed appellees' proposition by saying: "Without this protection, the jury * * * may have disregarded a defense which they might have given effect to if it had been brought to their attention." This same argument supports the assignments of error on the omission of the issues of continuity of causation and interruption of causation.

■ Appellants did not request a special charge curing the assigned defects in the court's charge. Appellees are wrong in their counter proposition that appellants could complain of such omissions only by tendering to the court a proper charge. Having timely ex-

cepted to the refusal of the court to define the terms used in its charge and to correct the other errors assigned, it was not necessary that they submit a proper charge. Robertson & Mueller v. Holden, supra. No error is shown by appellants' other assignments.

Reversed and remanded.