ST. LOUIS, B. & M. RY. CO. v. EDWARDS.

No. 8772.

Court of Civil Appeals of Texas. San Antonio.

March 16, 1932.

Rehearing Denied April 13, 1932.

Davenport, West & Ransome, of Brownsville, for appellant.

H. L. Yates and C. K. Richards, both of Brownsville, for appellee.

SMITH, J.

Appellee shipped a carload of household goods and domestic live stock from Goree, Tex., to Harlingen. He was a passenger on the same freight train in which his "emigrant car" was moved, riding on a drover's pass issued to him as an attendant of the emigrant outfit. He rode in the caboose of the train. When the train arrived in the yards of Harlingen, appellee's destination, at 3 o'clock in the morning, appellee stepped off the caboose, in the dark, to answer a natural call of his kidneys, for which purpose he stopped beside the caboose. Having alighted and accomplished his purpose, appellee concluded not to get back on the caboose, but to walk on through the switch yards to the place of unloading. About this time his train started moving, and to get further away from it he stepped off in the dark, setting his foot in a depression or striking it against some object, whereby he was thrown to the ground and his left arm was caught and severed by a wheel of the moving train. He sued the railway company for the resulting personal injury, and from a judgment in his favor the railway company has appealed.

Appellee recovered upon findings of the jury that appellant's caboose was provided with toilet facilities, but that upon appellee's inquiries one of the trainmen negligently informed him the caboose was not so equipped, and he relied thereon; that appellant's employees knew or should have known that it might be necessary for appellee to leave the "caboose at stops for the purpose of answering calls of nature"; that appellant "was negligent on account of the failure of its employees to warn plaintiff of his danger in alighting from the caboose at its stop at the time the accident occurred"; that the acts of negligence so found proximately caused the accident. The jury also found, generally, that appellee was not "guilty of contributory negligence at the time and place of the injury."

The facts present a peculiar case, without analogy in the books. Appellee stepped off the train, intending to board it again as soon as he accomplished the momentary purpose for which he alighted. He accomplished that purpose at once. Had he gotten back on the train as and when he intended when leaving it, he would not have been injured. It seems, therefore, that the acts of negligence of

which appellee finally complained—the false advice of a trainman that the car was not equipped with a toilet, and the failure to warn him against the danger of getting off the caboose at that place for the purpose of answering the call of his kidneys—became immaterial. They had no relation to the accident which actually occurred. That accident was not in direct consequence of these acts, but was made possible and brought about by appellee's change of mind and purpose and plan whereby he abandoned his purpose of returning to the caboose and decided to strike across the switch yards on foot through the darkness, in search of the unloading chutes. At the moment of this decision the train resumed its movement, and appellee, instead of getting back on the caboose as he had intended when alighting, stepped away from the train in pursuit of a newly formed plan, stumbled in the darkness, fell, was injured. There was no causal connection between the claimed acts of negligence, and the accident. In committing the acts complained of, appellant's employees could foresee nothing further than the acts of appellee in stepping to the ground beside the caboose, standing there for a moment, and stepping back into the caboose. They could not foresee his change of plan after leaving the caboose which led him away from the caboose, into the darkness, where and by reason of which he was injured. In short, the false information that the caboose lacked toilet facilities and the failure to warn appellee of the danger of getting off the caboose at that place for that purpose, were not the proximate causes of the accident, which was caused by the intervening act of appellee in moving away from the train into the darkness, a voluntary act which he himself, even, had not previously foreseen or contemplated.

The judgment must be reversed for another reason. Appellant pleaded three different acts of contributory negligence, and the evidence as to at least two of those acts was sufficient to take those defenses to the jury. The trial court submitted the defense of contributory negligence in a general charge, although requested by appellant to submit each act in a separate special issue. This was reversible error. Appellee concedes that the issues were several and distinct and that they should have been separately submitted, if supported by any material evidence, but contends that they were not so supported, and that the error was harmless, anyhow.

It appears that the court erroneously defined the term "proximate cause," and erroneously omitted to define the term "efficient cause" as used in that definition. Appellant efficiently and timely saved its ob-

jections to these errors, bringing the case squarely within the holdings in Ry. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Robertson v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Blanch v. Villiva (Tex. Civ. App.) 22 S.W.(2d) 490. Under the positive holdings in the authorities cited the error complained of requires reversal.

The judgment must be reversed, and the cause remanded.

### On Motion for Rehearing.

It was not intended by anything said in the original opinion to foreclose appellee from again contesting the issue of causal connection between the negligent acts of appellant and the injury sustained by appellee. The evidence as we understood it in the original disposition approached very close to a controverted issue, and in view of appellee's earnest insistence, we have concluded to withdraw the holding as to causal connection, so that the issue may go back into another trial without prejudice from anything said in the original opinion.

With this qualification of the opinion, the motions of both parties for rehearing will be overruled.