## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LOWRY et al.

### No. 5189.

Court of Civil Appeals of Texas. Texarkana.

June 23, 1938.

Rehearing Denied July 7, 1938.

Ramey, Calhoun & Marsh, of Tyler, and O. B. Pirkey, of New Boston, for appellant.

Jones & Jones, of Marshall, and J. A. R. Moseley, Jr., of Texarkana, for appellees.

JOHNSON, Chief Justice.

This suit was filed by appellees Arthur Lowry, a minor, appearing by and through his father, J. A. Lowry, as next friend, and J. A. Lowry in his individual capacity, against appellant, St. Louis Southwestern Railway Company of Texas, to recover damages alleged to have been sustained by plaintiffs as the result of certain injuries received by Arthur Lowry the minor, on April 5, 1935, when his leg was caught and mashed between a box car and a bumping post of defendant on its property in the City of Jacksonville, Texas. The bumping post is a structure of concrete and steel placed at the end of defendant's switch-track and serves as a block to prevent its box cars from rolling off the track into the street. The minor, Arthur Lowry, was sitting on the bumping post watching the performance of a street hawker and medicine show man when the defendant in the operation of its train bumped a box car against the bumping post, crushing Arthur Lowry's leg. As grounds for recovery plaintiff alleged that the injuries of Arthur Lowry were received as a proximate result of one or more of the following acts of alleged negligence on the part of defendant, its agents, servants and employees:

"(a) In that the defendant negligently and carelessly operated a car or cars upon and into said bumper in question without giving a signal or warning or an adequate warning of the approach of said car or cars, thereby striking and pinioning Arthur Lowry against the bumper.

"(b) In that the defendant failed to keep any lookout whatever, or any adequate lookout at and before the time of pushing the cars against said bumper.

"(c) In that the defendant well knowing that persons such as plaintiff would be at

and about the bumper in question, did negligently and carelessly place certain box cars on said track some distance from said bumper, and carelessly and negligently bring said cars into violent collision with said bumper.

"(d) In that the defendant did negligently and carelessly move other cars or an engine into those cars standing at and near said bumper with such great force and violence as to propel the same into and upon plaintiff.

"(e) In that the defendant negligently and carelessly caused said cars at or near said bumper to be disturbed or moved without an employee of defendant being at and about the forward or advancing end of said cars to warn persons situated as was plaintiff at and about said bumper.

"(f) That it was guilty of negligence in moving the said car without at the time giving warning of its intention to do so."

Defendant's answer contains a general and specific denial of the facts alleged by plaintiff and further pleads:

"(1) Said Arthur Lowry was negligent in climbing and sitting upon defendant's coupler and/or bumping-post at the time and place in question.

"(2) Said Arthur Lowry was negligent in sitting upon defendant's coupler and/or bumping-post in such position as that his leg was placed between said coupler and bumping-post so as to make some injury to him inevitable in the event said coupler should come in contact with said bumping-post.

"(3) Said Arthur Lowry sat upon defendant's coupler and/or bumping-post in a negligent and careless position, to-wit: with his leg extending down between said coupler and bumping-post.

"(4) Said Arthur Lowry was negligent in sitting upon said coupler and/or bumping-post without first ascertaining whether said box cars were loaded or ready to be moved.

"(5) Said Arthur Lowry was negligent in sitting upon said coupler and/or bumping-post without keeping a reasonable look-out or any look-out for the purpose of ascertaining whether said box cars were about to be moved.

"(6) Said Arthur Lowry was negligent in sitting upon said coupler and/or bumping-post without listening for the warning signals given by the defendant before said engine coupled on to said string of box cars.

"(7) Said Arthur Lowry was negligent in sitting upon said coupler and/or bumping-post and in failing to hear the warning which was given by defendant's employees before said engine coupled on to said box cars, thus propelling said rear box car against said bumping-post.

"(8) Said Arthur Lowry was negligent in that when he sat upon said coupler and/or bumping-post he well knew that it would be necessary that defendant move said box cars when they were loaded; that said Arthur Lowry nevertheless negligently placing himself upon said coupler and/or bumping-post and there remaining in a dangerous position without exercising ordinary care to ascertain whether said box cars would be moved while he was in such position.

"Defendant further represents to the court that each and all of the acts and omissions aforesaid, acting separately or concurrently, proximately caused or contributed to cause the alleged injury, if any, to the said Arthur Lowry, and that but for same such alleged injury would not have occurred."

The case was submitted to the jury on special issues accompanied by definitions of terms used in the charge. In the answer to special issues 1 to 11, inclusive, the jury found that defendant was guilty of each of the several acts of negligence alleged by plaintiffs and that each was a proximate cause of the injuries received by Arthur Lowry. In answer to special issues 12 to 24-c, inclusive, the jury found that plaintiff Arthur Lowry was not guilty of contributory negligence in any of the several acts alleged by defendant. Judgment was rendered upon the verdict for plaintiffs in the amount of damages found by the jury to have been sustained by Arthur Lowry and by his father, J. A. Lowry, separately. Defendant has appealed.

Appellant contends that the manner and form in which each of the issues of contributory negligence was framed in the court's charge rendered each of such issues multifarious and duplicitous, in that it made inquiry of "negligence" and of "proximate cause" in the same issue. The court defined contributory negligence as follows:

"By the term 'contributory negligence,' as used herein, is meant some act or omission on the part of the injured party which amounts to a want of that degree of care which an ordinarily prudent person of the age, intelligence and experience of such injured party would have exercised under the

circumstances existing, and which concurring and acting with the negligence of the defendant, if any, proximately caused the injuries complained of and without which the injuries would not have occurred."

With respect to each act or group of acts or omissions alleged by defendant against plaintiff as constituting contributory negligence on the part of plaintiff the court either assumed (in favor of defendant) that plaintiff had committed the act, or made inquiry in a separate issue as to whether plaintiff had committed such act. Then upon such assumption, or affirmative finding, the court made inquiry as to whether the plaintiff in committing the act was guilty of contributory negligence. In submitting the first group of facts alleged by defendant and raised by the evidence as constituting contributory negligence on the part of plaintiff the court asked the jury questions 12 and 13, reading as follows:

"No. 12: Do you find from a preponderance of the evidence that Arthur Lowry was guilty of contributory negligence in climbing upon defendant's coupler at the time and place in question? Answer 'Yes' or 'No.'" (The jury answered "No.")

"No. 13: Do you find from a preponderance of the evidence that Arthur Lowry was guilty of contributory negligence in climbing upon defendant's bumping post at the time and place in question? Answer 'Yes' or 'No'." (The jury answered "No.")

The above questions exemplify the remaining questions contained in the court's charge submitting issues of contributory negligence. It is contended by appellant that question No. 12 requires the jury to pass upon two ultimate fact issues in one question, namely, "negligence" and "proximate cause"; and that failure to submit same in two questions inquiring (1) whether plaintiff in climbing upon the bumping post was guilty of negligence, and (2) whether such negligence was a proximate cause of his injuries was reversible error. Like objections and exceptions were leveled at question No. 13 as well as at the remaining questions submitting contributory negligence as one ultimate issue. We do not agree with appellant's contention.

Appellant mainly relies on the case of Kasch v. Anton, Tex.Civ.App., 81 S.W.2d 1097. There are expressions in the Kasch Case, in accord with appellant's contention, that the issue of contributory negligence should be submitted in two questions inquiring (1) whether plaintiff was guilty of negligence in committing the act, and (2) whether such negligence was a proximate cause of the injury. However, the special issue which the court had under consideration in that case reads as follows (page 1099):

"Do you find from a preponderance of the evidence, that Herman Anton was guilty of contributory negligence, as that term is hereinbefore defined, in failing (if he did) to keep a proper lookout as he continued toward the intersection after seeing the Flores truck?"

The court correctly condemned that question. It is no more than a mere hypothetical question, an answer to which, affirmative or negative, amounts to no fact finding at all. Unlike the issue in appellant's case, it does not assume (in favor of defendant) the existence of the fact upon which the issue of contributory negligence is based, nor is it predicated upon a previous finding of such fact by the jury. The holding in the Kasch Case is in part based on Postal Telegraph Cable Co. v. Darkins, Tex.Com.App., 44 S. W.2d 933, in which an issue similar in form to the issue in the Kasch Case was condemned by the Commission of Appeals. The issue and the holding of the Commission of Appeals reads (page 934):

"'Was the plaintiff guilty of contributory negligence in failing to hear, if he did fail to hear, Goolsby's calls to him?' The jury answered this, 'Yes.'

"The telegraph company duly contended, in the trial court, for the entry of judgment in the company's favor on this finding of the jury. This being denied by the trial court, the company makes the same contention here. For reasons now to be stated, if for no other reason, the contention must be overruled. Failure, on the part of Darkins, to hear the warning calls of Goolsby, was not conclusively established by the evidence, nor was the fact of such failure determined by the jury in any way. It is quite clear that the failure of Darkins, as a substantive fact, to hear the warning calls, is not determined by the jury's verdict on special issue No. 10, since the verdict contemplates such failure merely as the hypothesis upon which the jury's conclusion is based, and not as a fact found."

It is noted that the Commission of Appeals did not criticize the issue for having submitted contributory negligence as an ultimate issue, or for failure to separate its elements of "negligence" and "proximate cause" into two questions. On the other

hand, the Supreme Court refused a writ of error in the case of Missouri, K. & T. R. Co. v. Long, Tex.Civ.App., 23 S.W.2d 401, holding (page 403):

"The court submitted, over appellant's objection that it contained 'two separate and distinct questions, one of which could be answered in the affirmative and the other in the negative, without conflict,' the following special issue: 'Do you find from a preponderance of the evidence that the deceased, S. H. Long, failed to keep a proper lookout for objects in the road ahead, and that, in so doing, he was guilty of contributory negligence, as that term has been herein defined?'

"We overrule the proposition because the questions merely presented two phases or branches of the same defense, both of which had to be answered in the affirmative to establish the contributory negligence pleaded. If the two questions had been submitted separately, no doubt the court would have instructed the jury to answer the second phase, that is, 'was he guilty of contributory negligence as that term has been herein defined,' only in the event they had answered the first phase of the defense, that is, whether deceased 'failed to keep proper lookout for objects in the road ahead,' in the affirmative. Therefore no greater burden was placed upon appellant than the law required by grouping in one issue such questions or facts as are necessary to establish one complete defense pleaded, and, if anything, was more favorable to appellant than if the two phases of the defense had been submitted in separate issues, for in that event only the first phase would have been answered under the usual practice, instead of both phases as was the case here. Then, too, had the two phases of the defense been submitted separately, the answer to either phase in the negative would not have changed the result of the case."

We do not hold that it is proper to submit in one question the issues (1) as to whether plaintiff is guilty of the alleged act or omission upon which the issue of contributory negligence is based, and (2) as to whether plaintiff was guilty of contributory negligence in the omission or commission of such act. But where, as here, such alleged act or omission of plaintiff has been found by the jury, or is undisputedly proven in the evidence, we do not think the defendant is injured or that reversible error is committed by asking the jury the simple question of whether plaintiff was guilty of contributory negligence in committing the act.

Appellant also cites the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517. In that case the Supreme Court held that refusal to submit separately each "group of facts" relied on by defendant under its pleadings and evidence as constituting contributory negligence on part of plaintiff was error. But the Supreme Court did not in that case, or in any other case which we have found, indicate that the issue of contributory negligence must be divided into two questions separately inquiring (1) whether plaintiff was guilty of negligence and (2) whether such negligence was a proximate cause of the injury.

In his charge the court defined proximate cause as follows:

" 'Proximate cause,' as the term is used in this charge means that cause which in a natural and continuous sequence, unbroken by any new or independent cause, produces an event or injury, and but for which the same would not have occurred. It is the moving and efficient cause, without which the injury would not have resulted. It is the natural and probable consequences of the act or omission, and such a cause as that the injury or some similar injury should have been foreseen by a person of ordinary prudence in the light of all the attending circumstances. It need not be the sole cause, but it must be a concurring cause which contributed to the result in question, and but for which such result would not have happened.

"An event may be the proximate cause of injury, if the injury is the natural and probable result of an act of negligence, either by commission or omission.

"By the term 'new and independent cause,' as used in the definition of 'proximate cause,' is meant the act or omission of a separate and independent agency, which destroys the casual connection between the negligent act or omission and the injury complained of, and thereby becomes in itself the immediate cause of such injury."

Appellant contends that the court committed reversible error in the above definition of proximate cause in that the court over the objections and exceptions of defendant failed and refused to define the words "moving and efficient cause,' contained in the definition. The contention is that the words "moving" and "efficient" as used in the definition are legal terms having a distinct fixed meaning in law different from their meaning in ordinary usage. In support of its contentions appellant cites the following

cases which hold that it is necessary to define the words "moving" and "efficient" cause contained in the definition of proximate cause. Blanch v. Villiva, Tex.Civ. App., 22 S.W.2d 490; St. Louis, B. & M. R. Co. v. Edwards, Tex.Civ.App., 48 S.W.2d 360. Decisions to the contrary are found in the following cases, with which we agree: Ramsey v. Gibson, Tex.Civ.App., 185 S.W. 1025; Lumsden v. Jones, Tex.Civ.App., 227 S.W. 358; Panhandle & S. F. R. Co. v. Reynolds, Tex.Civ.App., 33 S.W.2d 249; Texas & P. R. Co. v. Short, Tex.Civ.App., 62 S.W. 2d 995; City of Terrell v. Howard, Tex.Civ. App., 85 S.W.2d 283; Gulf States Utilities Co. v. Wuenscher, Tex.Civ.App., 72 S.W. 2d 682; Foster v. Beckham, Tex.Civ.App., 85 S.W.2d 789. We do not think that the words "moving" and "efficient" contained in the definition of proximate cause are legal terms but that they are ordinary words of simple meaning used in their usual sense, and presumably their meaning was as accurately known to the jury as to the court. The expressions of Judge Martin found in the case last above cited are well worth consideration. In Robertson & Mueller v. Holden, Tex.Com.App., 1 S.W.2d 570, it is held that "ordinary words of simple meaning * * * need not be defined." In Southland-Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326, it is held that the only terms contained in the definition of proximate cause required to be defined is the word "proximate" and the phrase "new and independent cause."

■ Appellant further contends that the court committed reversible error in his definition of proximate cause by use of the following sentence: "An event may be the proximate cause of injury if the injury is the natural and probable result of an act of negligence either by commission or omission." The objection is, in substance, that the language used in such sentence omits certain elements of proximate cause, namely, the elements of "natural and continuous sequence" and "foreseeableness" or "anticipation." When the language of the sentence complained of is read in connection with the whole definition of which it is a part, and the definition is construed as a whole, the elements complained of as being omitted appear to be present in the definition. The court's charge in this case does not contain two separate and conflicting definitions of the term proximate cause as appears to have been the facts in Terrell Wells Health Resort, Inc., v. Severeid, Tex.Civ.App., 95 S. W.2d 526, relied on by appellant

■ By its tenth proposition appellant complains of the trial court's refusal to submit the issue of unavoidable accident. From a careful examination of the record it is our opinion that the issue of unavoidable accident was not raised in the evidence. The testimony fails to present any theory under which the accident could have happened had all the parties to the transaction exercised the degree of care required by law. Dallas Ry. & Terminal Co. v. Darden, Tex. Com.App. 38 S.W.2d 777.

■ By its 11th and 12th propositions appellant contends that the trial court committed reversible error in his definition of contributory negligence by use of the words " * * * of the age, intelligence and experience of such injured party * * * " contained in the definition hereinabove copied. We do not sustain this contention. Plaintiffs presented testimony affirmatively showing that Arthur Lowry was a boy approximately two months past thirteen years of age; that he was not a resident of the City of Jacksonville where the accident occurred; that he had recently arrived there accompanied by his mother, visiting relatives; that he had never been around a bumping post or any railroad property before; that he had never had an opportunity of seeing box cars being switched; that there were no warning signs on or near the bumping post, upon which he climbed to look over the shoulders of a crowd of people to see the curiosity-arousing antics of a medicine show man performing a few feet from the bumping-post; that he had never before seen a medicine show. That the flat top of the bumping post presented an enticing seat for a boy of his age, intelligence and experience is apparent from the testimony. In such circumstances we do not think the court erred in its definition of contributory negligence wherein the jury was authorized to weigh the conduct of Arthur Lowry by "that degree of care of which an ordinarily prudent person of the age, intelligence and experience of such injured party would have exercised under the circumstances existing" in determining whether he was guilty of contributory negligence. Duron v. Beaumont Iron Works, Tex.Com. App., 7 S.W.2d 867.

■ One of the attorneys for appellees in opening the argument of the case to the jury and preparatory of his discussion of the testimony bearing on each of the issues, stated to the jury, in substance, that the several questions contained in the court's

charge presented the several features of fact which in the last analysis formed but two fundamental questions, that is, whether or not defendant failed to give this boy proper warning before moving its train; that plaintiff's theory of the case is that defendant did not give such warning, and that the first eleven questions are upon the plaintiff's theory of the case; that if you believe the defendant guilty of negligence in failing to give him proper warning, and if that negligence was a proximate cause of the injury, and if you so find, then issues 1 to 11, inclusive, should be answered in the affirmative. That defendant's theory of the case is that the boy was guilty of contributory negligence in climbing upon the bumping post and being there at the time of the accident; that questions from 12 on down to the question of damages are variations of that issue, and if you find that he is guilty of contributory negligence, then issues from 12 on should be answered in the affirmative.

Appellant did not object to the statement until after the verdict of the jury had been returned. It was objected to for the first time in appellant's motion for new trial, and then upon the grounds (1) that the statement made by the attorney "was an instruction to the jury as to the effect that their answers to the various issues submitted would have on the judgment to be rendered"; and (2) "informed the jury that if it found Arthur Lowry guilty of contributory negligence in any of the respects inquired about, such finding would bar the said Arthur Lowry from the recovery of damages herein." We do not agree with appellant's contention. As we interpret the statement of the attorney it merely outlined in a general way to the jury the respective contentions of the parties with regard to the facts of the case, with regard to which the jury had already been informed by the respective pleadings of the parties and by the evidence offered by each party in support of their pleadings and as framed in the issues submitted for the jury's determination. But whether we are correct in such interpretation or not, the statement does not, as contended, tell the jury what effect their answers will have upon the judgment to be rendered, nor does it inform the jury that if they find Arthur Lowry guilty of contributory negligence such finding would bar him from a recovery of damages, nor can we see in the circumstances of this case wherein the statement could have worked any injury to the defendant.

The judgment is affirmed.