ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 15, 2006

The Honorable Armando R. Villalobos
Cameron County District Attorney
974 East Harrison
Brownsville, Texas 78520

Opinion No. GA-0449

Re:  Whether premium payments for health insurance and car allowances provided to the mayor and city commissioners of Brownsville constitute "compensation" for purposes of the Brownsville City Charter  (RQ-0445-GA)

Dear Mr. Villalobos:

You ask whether premium payments for health insurance and car allowances provided to the mayor and city commissioners of Brownsville constitute "compensation" for purposes of the Brownsville City Charter.[1]

The charter provision in question states as follows:

> The mayor and city commissioners elected after the adoption of this amendment shall each receive as compensation for their services during their term of office the sum of ten dollars ($10.00) for their attendance for the full duration of each regular or special meeting; provided, however, that in no event shall they be paid for more than two regular and three special meetings in any one calendar month.

BROWNSVILLE, TEX., CITY CHARTER, art. V, § 13 (1943);[2] Request Letter, *supra* note 1, at 1.  In deference to municipal officials' authority to interpret their charters and ordinances, this office does not ordinarily construe city charters or ordinances.  *See* Tex. Att'y Gen. Op. Nos. GA-0130 (2003) at 3; GA-0068 (2002) at 2 n.2.  We can, however, offer some general observations that may assist you in your interpretation.

---

[1]*See* Letter from Honorable Armando R. Villalobos, Cameron County District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Feb. 3, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*Available at* http://citysecretary.cob.us/city_charter.asp (last visited Aug. 3, 2006).

In Attorney General Opinion GA-0130, we advised that the word "'compensation' includes benefits, such as insurance, provided to officers and employees." Tex. Att'y Gen. Op. No. GA-0130 (2003) at 2 (citing *Friedman v. Am. Sur. Co.*, 151 S.W.2d 570, 578 (Tex. 1941)). "Compensation" has been defined as "[r]emuneration and other benefits received in return for services rendered." BLACK'S LAW DICTIONARY 277 (7th ed. 1999). With regard to car allowances, Texas courts have construed the word "emolument," for purposes of article XVI, section 40(a) of the Texas Constitution, to mean any "pecuniary profit, gain, or advantage." *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944), *rejected on other grounds by Angel v. State*, 740 S.W.2d 727 (Tex. Crim. App. 1987). This office has long and consistently construed the term "emolument" to embrace reimbursements that exceed actual expenses, including fixed payments for travel in privately-owned vehicles. *See* Tex. Att'y Gen. Op. Nos. GA-0032 (2003) at 1–2; JC-0490 (2002) at 1; JM-1266 (1990) at 3. Thus, premium payment for health insurance, as well as fixed-amount car allowances that exceed actual expenses, constitute "compensation."

With regard to the charter provisions at issue here, we adopt the same approach as we did in Opinion GA-0130. Whether the provision of health insurance benefits and car allowances not tied to actual expenses contravene the charter "depends on how the charter provision . . . is construed." Tex. Att'y Gen. Op. No. GA-0130 (2003) at 3. As we said there, if the city charter is construed to *limit* the mayor's and commissioners' compensation to the sum of ten dollars per meeting, the city may not provide any additional compensation in any form whatsoever. *See id.* at 2–3. If, on the other hand, the charter is *not* construed as a limit on their compensation, the city may provide the additional compensation of which you inquire. Because, as we have indicated, we do not construe city charters, the decision as to the proper interpretation of this particular charter provision must be left to the discretion of the appropriate municipal officials. *See* Tex. Att'y Gen. Op. No. GA-0130 (2003) at 3.

## S U M M A R Y

Premium payments for health insurance and car allowances provided to municipal officials constitute "compensation." Because the attorney general does not construe city charters, the issue of whether such compensation may be provided to the mayor and city commissioners of Brownsville is within the discretion of municipal officials.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee